# EXHIBIT "A"

Bharati Sharma Patel (NJ Attorney ID 018432001)
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
(732) 545-7900 - TELEPHONE
(732) 545-1030 - FAX
bpatel@wolflawfirm.net

*Attorneys for Plaintiff and the putative class*

| | |
|---|---|
| CHRISTINE ZANGARA, on behalf of herself and others similarly situated, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff(s), | Docket No. MID-L-_____ |
| | CIVIL ACTION |
| v. | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| ZAGER FUCHS, P.C., and MICHAEL T. WARSHAW, | |
| Defendants. | |

## NATURE OF THE ACTION

1.      Plaintiff Christine Zangara brings this action on behalf of herself and others similarly situated against Defendant Zager Fuchs, P.C. ("Zager Fuchs") and Matthew T. Warshaw for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter the "FDCPA").

## PARTIES

2.      Plaintiff Christine Zangara resides in East Brunswick, New Jersey.

3.      Defendant Zager Fuchs, P.C. ("Zager Fuchs") is a law firm with a principal place of business located at 268 Broad Street, P.O. Box 489, Red Bank, NJ.

4.      Defendant Michael T. Warshaw, Esq. is an attorney licensed to practice in New Jersey with his main business located at 268 Broad Street, Red Bank, NJ.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, pursuant to 15 U.S.C. §1692k(d).

6.      Venue in this action properly lies in Middlesex County because Plaintiff resides in Middlesex County.

## FACTUAL ALLEGATIONS

7.      At all times relevant, Defendants regularly attempted to collect debts alleged to be owed to another.

8.      At all times relevant, Defendants regularly collected debts owed or alleged to be owed to another.

9.      At all times relevant, Defendants regularly attempted to collect debts alleged to be owed to another which were incurred primarily for personal, family or household purposes.

10.     At all times relevant, Defendants regularly collected debts owed or alleged to be owed to another which were incurred primarily for personal, family or household purposes.

11.     At all times relevant, Defendants used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts owed or alleged to be owed another.

12.     At all times relevant, Defendants used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts incurred primarily for personal, family or household purposes owed or alleged to be owed another.

13.     At all times relevant, the principal business engaged in by Defendants was the collection of debts which were incurred primarily for personal, family or household purposes.

14.     The debt alleged to be owed by Plaintiff was allegedly incurred primarily for personal, family or household purposes.

15.     On or around April 25, 2013, Plaintiff entered into an agreement with Rapid Bail Bonds LLC to provide a $2,500.00 bail bond for Anthony Zangara, who was incarcerated. *See Exhibit A.*

16.     The "Contingent Promissory Note" in the amount of $2,500.00 signed by Plaintiff as part of the agreement with Rapid Bail Bond states that she agrees "to pay reasonable attorney's fees and costs" for collection attempts. *See Exhibit B.*

17.     The Surety Indemnity Agreement in the amount of $2,500 that, as part of the agreement with Rapid Bail Bond, Plaintiff signed states that she agrees to pay "reasonable attorney fees in the amount of twenty five percent (25%) of the amount of the bond[.]" *See Exhibit C.*

18.     On or about September 20, 2013, Anthony Zangara allegedly failed to appear in court and the posted bail bond was forfeited. *See Exhibit D.*

19.     After the bail bond was forfeited, Plaintiff was allegedly required to make installment payments towards the principal of the bail bond which Plaintiff allegedly failed to make.

20.     On March 6, 2014, Law Office of Samuel L. Silver LLC, an attorney for Rapid Bail Bonds filed a Consent Order to Vacate the Forfeiture Exonerate the Surety and Discharge the Bond Upon the Payments of Costs. *See Exhibit E.*

21.     On or about February 23, 2015, Rapid Bail Bonds entered into an agreement with FTA Financial, LLC (Hereinafter, FTA) whereby all rights pursuant to the Agreement were assigned to FTA. *See Exhibit F.*

22.     Rapid Bail Bonds mailed a letter addressed to Plaintiff dated April 25, 2015 stating that her account has been assigned to FTA and that she owed $1,125.00 on the account. *See Exhibit G.*

23. As of February 23. 2015, the day that FTA purchased and took assignment of Plaintiff's account from Rapid Bail Bonds for a purchase price of $750,00, the Balance on Plaintiff's account was $1,125.00 inclusive of collection costs. *See Exhibit A to FTA's lawsuit filed against Plaintiff.*

24. Less than one month later, FTA mailed a letter addressed to Plaintiff dated May 21, 2015 stating that Plaintiff owed $3085.87 on the account with no explanation as to why the amount she owed increased from $1,125.00. *See Exhibit G.*

25. FTA did not provide a breakdown of the $3085.87 that was allegedly due and owing.

26. FTA sent Plaintiff subsequent letters dated June 3, 2015, June 17, 2015, and April 19, 2016, stating that Plaintiff owed $3085.87 on the account. *See Exhibit G.*

27. FTA never provided Plaintiff with a breakdown or itemization of the $3085.87 in the subsequent letters that was allegedly due and owing on Plaintiff's account or the $1,960.87 amount that the alleged debt increased from the $1,125.00 that was the total balance due on Plaintiff's account inclusive of all collection costs when FTA acquired her account.

28. On or about September 26, 2016, Defendants Zager Fuchs and Michael T. Warshaw filed a lawsuit that was signed by Michael T. Warshaw against Plaintiff (and Anthony Zangara) alleging that Plaintiff owed $3085.87 to FTA for an alleged default arising out of the bail bond. *Copies of the Summons and Complaint are attached as Exhibit F.*

29. In the Collection Complaint, FTA alleged at ¶12 that Plaintiff has incurred counsel fees and costs in the amount of $750. *See Exhibit F.*

30. FTA does not allege any facts as to whom the $750 in counsel fees and costs are owed or when they were incurred.

31.    In the Collection Complaint, FTA alleged at ¶13 that Plaintiff owes FTA a total of $3035.87 and that counsel fees will continue to accrue. *See Exhibit F.*

32.    Defendants never provided Plaintiff with a breakdown or itemization of the $3085.87 that they alleged Plaintiff owed to FTA in the lawsuit they prepared and it filed against her.

33.    Defendants, in the lawsuit they prepared and filed against Plaintiff, never provided Plaintiff with a breakdown or itemization of the $1,960.87 amount that the alleged debt increased on Plaintiff's account after FTA acquired her account.

34.    Defendants represented FTA in the Collection Lawsuit and signed the Complaint.

35.    Defendant Michael T. Warshaw signed the Collection Complaint.

36.    Defendants are "debt collectors" as defined by the Fair Debt Collection Practices Act.

37.    The Collection Lawsuit filed on behalf of FTA Financial by Defendants and served on Plaintiff was an attempt to collect an alleged debt incurred primarily for personal, family or household purposes owed to another.

38.    The Summons and Complaint served on Plaintiff regarding the Collection Lawsuit (hereinafter the "S&C") is a "communication" as defined by 15 U.S.C. § 1692a(2).

39.    The $750 for attorneys' fees in the Collection Complaint that Defendants added to Plaintiff's alleged account balance was not due and owing at the time Defendants filed and served the Summons and Complaint on Plaintiff.

40. Defendants served and filed numerous Complaints against New Jersey consumers that included an amount in addition to the principal amount allegedly without providing an itemization of what the additional amount was owed for during the applicable limitations period.

41. Defendants served and filed numerous Complaints against New Jersey consumers that included a demand for a fixed amount attorneys' fees in the body of the Complaint that were not yet due and owing at the time the Complaints were field and served during the applicable limitations period.

## CLASS ALLEGATIONS

42. This action is brought and may properly proceed as a class action, pursuant to Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of herself and others similarly situated and seeks certification of a Class initially defined as follows:

> All New Jersey consumers against whom Defendants filed a lawsuit at any time on or after one-year prior to the filing of the within Complaint to collect or attempt to collect an alleged debt incurred primarily for personal family or household purposes that included (1) a demand for a fixed amount of attorneys' fees in the body of the lawsuit above the prayer for relief that was not yet due and owing and/or (2) a demand for an amount owed that was in excess of the actual amount owed without providing an itemization or explanation for the excess amount.

43. Plaintiff seeks to recover statutory damages, attorneys' fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

44. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

45. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

a. Whether Defendants are debt collectors under the FDCPA;

b. Whether the above-referenced conduct by Defendants violates the FDCPA;

 c. Whether the Defendants' attempts to collect attorneys' fees and costs not yet due and owing violates the FDCPA;

 d. Whether the Defendants' attempts to collect amounts not actually owed violates the FDCPA;

 e. Whether the Defendants' attempts to collect amounts in excess of the amounts actually owed without providing an itemization or explanation for the excess amount violates the FDCPA;

 f. Whether the actions of the Defendants were deceptive or would cause the least sophisticated consumer to become confused;

 a. Whether Defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1); and

 b. Whether Plaintiff and the Class are entitled to damages.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

47. The claims of the Plaintiff are typical of the claims of the members of the Class.

48. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

49. Plaintiff does not have interests antagonistic to those of the Class.

50. The Class, of which Plaintiff is a member, is readily identifiable.

51.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

52.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

53.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

### FIRST COUNT
### Violations of the FDCPA

54.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55.     Defendants are "debt collectors" within the scope of the definition contained in 15 U.S.C. §1692a(6) and interpretations thereof.

56.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

57.     The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts as defined by the FDCPA.

58.     Plaintiff and others similarly situated are consumers as they are natural persons

allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

59.     Defendants violated the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated as described herein.

60.     Defendants violated the FDCPA at 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1) in one or more of the following ways:

   a.  by alleging attorneys' fees that were not due and owing at the time the lawsuit was filed;

   b.  by attempting to collect an amount more than what was owed; and

   c.  by collecting attorneys' fees on behalf of another attorney.

61.     **WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, demand judgment against the Defendants as follows:

   a.  For certification of this matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of The Wolf Law Firm, LLC as class counsel;

   b.  For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 *et seq.*) and all other applicable statutes;

   c.  For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

   d.  For pre-judgment and/or post-judgment interest; and

   e.  For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

**CERTIFICATION**

Pursuant to <u>Rule</u> 4:5-1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

*Bharati S. Patel*

_____

Bharati Sharma Patel
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
(732) 545-7900 - TELEPHONE
(732) 545-1030 - FAX

*Attorneys for Plaintiff*

Dated: July 31, 2017

# EXHIBIT A

Appended to:

## CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-



**RAPID BAIL BONDS**

*Because time matters*

*The Best payment plans in New Jersey*

# BAIL BOND PREMIUM RECEIPT

**A**
**G** **RAPID BAIL BONDS**
**E** 410 New Brunswick Ave.
**N** Perth Amboy, NJ 08861
**C** Tel: 732-661-6421
**Y** Fax: 732-661-6446

**RECEIPT**  № 5277

NON-REPUNDABLE

Date: 4/25/13

1. Receipt: _Two Hundred & Fifty_  Dollars ($ 250 )

2. From: _CHristine ZANGARA_

3. In connection with a Bail Bond for: _Anthony ZANGARA_

4. In the amount of: _$2,500_

5. Power Nos.: _____  Court: _New Brunswick_

6. Charged with: _Shoplifting_

7. Itemized expenses, if any (Itemized in detail the lawful expenses incurred and charged, such as Guard Fees, Recording Fees, Notary Fees, Travel and other actual, unusual expenses).

8. **SUMMARY:** Bond Premium Charged: $ _250_

   Itemized Expenses: $ _____

   Total Due: $ _250_

   Amount Paid: $ _250_

   Balance Due: $ _0_

9. If collateral is taken in connection with this bond, a collateral receipt must be issued.

PAID BY: _Christine Zangara_
PAYER

RECEIVED BY: _____
AGENT

# EXHIBIT B

Appended to:

CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-



# Rapid Bail Bonds

## CONTINGENT PROMISSORY NOTE

Bond# (s) _ZA00 31571_

Amount of _Two thousand five hundred_____ ($ _2,500_ )

Dated _April 25, 2013_

On Demand after date, for value received, I/We promise to pay to the order of Rapid Bail Bonds, LLC

_Two thousand five hundred_____ _ed/100_

**DOLLARS**

At 410 New Brunswick Avenue, Perth Amboy NJ 08861 with the interest thereon at the rate of 0% Percent, per annum from the Call Date until fully paid. Interest paid semiannually. The maker and endorser of this note agrees to waive demand, notice of non-payment and protest; and in the case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees and assessable costs for making such a collection. Deferred interest payments to bear interest from maturity to ___0%___ percent, per annum, payable semiannually. It is further agreed and specifically understood that this note shall become null and void in the event the said defendant _Anthony Zangara_____ shall appear in the proper court(s) at the time(s) so directed by the judge or judges of competent jurisdiction until the obligations under the appearance bond or bonds posted on behalf of the defendant have been fulfilled and the surety discharged of all liability there under, otherwise to remain in full force and effect. I hereby certify that I have received a copy of the foregoing instrument.


Signature of Defendant: _Anthony V. Zangara_

Signature of Indemnitor: _Christine Zangara_

Indemnitor Name (print) _CHRISTINE ZANGARA_


_____          _____ (seal)

Witness                                 Bail Agent/ Surety


**Additional Terms (if applicable):**

_____

# EXHIBIT C

Appended to:

## CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-

# Surety Indemnity Agreement

**First Indemnity Of America Insurance Company, 119 Littleton Road # 2 Parsippany, NJ 07054-1849**

INDEMNIFICATION AGREEMENT Date: _____*25*_____ day of ___*April*___,
20__*13*____. In consideration of First Indemnity of America Insurance Company and their agent Rapid Bail Bonds
(hereinafter referred to as Bondsman) executing, procuring, guaranteeing and/or continuing a surety bond for
__*Anthony Zangara*__ in the amount of
*Two thousand five hundred 00*___ Dollars ( $ *2,500.00* ), or
any renewal thereof, we, the undersigned, hereby jointly and severally covenant and agree to pay at all times indemnify
and keep the Bondsman indemnified and hold liabilities and expenses, including, but not limited to the following: (a) the
principal amount of any forfeiture of the foregoing surety bond, (b) detective fees and fees for any and all agents of the
Bondsman to attempt to prevent the forfeiture of the foregoing surety bond, which fees shall be in the amount of ten
percent (10%) of the amount of the bond, reasonable attorney fees in the amount of twenty five percent (25%) of the
amount of the bond, (d) any and all extradition costs that may be incurred to apprehend the party being bonded, and (e)
any and all costs, expenses and/or fines that may be incurred by any forfeiture of the foregoing surety bond.

FURTHERMORE, if, in the sole opinion of the Bondsman, the undersigned is obligated to pay any sum of sums of money
under this Agreement or in the event that forfeiture of the foregoing surety bond is likely, the undersigned hereby
authorizes the Bondsman to execute by way of confessed judgment on that Promissory Note executed by the
undersigned on even date herewith.

IN WITNESS WHEREOF, the undersigned sets his or her hand and affixes his or her seal on the date and year first above
written.

(Seal)_____              *Christine Zangara*              *Anthony J Zangara*
**(Witness) or Bail Agent**          Indemnitor                  Defendant

CONFESSED JUDGEMENT PROMISSORY NOTE Date: ___*April 25*___, 20_*13*_

$ *2,500* _____, FOR VALUE RECEIVED, I ___*Christine Zangara*___
(Maker) promises to pay to the order of First Indemnity Insurance of America its successors or assigns, ON DEMAND, at
119 Littleton Road # 2 Parsippany, NJ 07054-1849 or at such other place as the holder of this note may designate in
writing to the undersigned, the principle sum of ___*Two thousand five hundred*___ Dollars
($ *2,500* ), without interest prior to demand. After demand, interest shall accrue at Eighteen percent
(18%) per annum on the unpaid balance. The Maker may prepay in whole or in part, from time to time, any amount of
principle or interest payable under the terms of the Note without penalty or additional interest. Any prepayments shall
be applied to principle and then to interest in inverse order of maturity. The holder may, at its option, without giving
written notice to the Maker, accelerate and declare the entire unpaid balance of this Note immediately due and payable
if there should be any default in payment of any principle or interest due hereunder or if Maker should (1) make an
assignment for the benefit of creditors, (2) suffer a receiver to be appointed over their property or assets, or (3) institute
or permit to be instituted against them, proceedings under the Bankruptcy Act, as amended. The Maker hereby waives,
presentment for payment, protest, notice of dishonor and of protest hereof and agrees that in the event of a default in
the payment of any interest or principle due under this Note, the holder is hereby authorized to appoint an attorney, to
confess judgment against Maker for any amount due on this Note or any renewals hereof. The Maker further agree, that
in the event default occurs and this Note is placed in the hands of an attorney for collection, Maker will pay an
additional amount equal to Twenty Five percent (25%) of the unpaid principle as reasonable attorney fees, plus all costs
and expenses of suit.   WITNESS the hands and seals of the Maker as of the date first above written.

*Anthony J Zangara*                              _____
**Defendant**                                    **Bail Agent / Witness**
*Christine Zangara*
**Indemnitor**



# EXHIBIT D

Appended to:

CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly
situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-

RECEIVED SEP 2 6 2013

FINANCE DIVISION
24, PATERSON STREET
PO BOX 964
NEW BRUNSWICK, NJ 08903

SUPERIOR COURT OF NEW JERSEY
FINANCE DIVISION
MIDDLESEX

NOTICE OF BAIL FORFEITURE FOR SURETY
NOTICE DATE : 09/23/2013

IN THE MATTER OF STATE VS. ANTHONY ZANGARA

THE COURT RECORDS INDICATE THAT YOU POSTED BAIL FOR THE ABOVE DEFENDANT IN THE AMOUNT OF
BOND. THE DEFENDANT FAILED TO APPEAR IN COURT ON 09/02/2013. THE HONORABLE DIANE PINCUS
HAS ORDERED THE ABOVE BAIL BE FORFEITED AND A WARRANT ISSUED FOR THE DEFENDANT. UNLESS YOU
HAVE THE FORFEITURE SET ASIDE WITHIN 75 CALENDAR DAYS OF THE DATE OF THIS NOTICE, A JUDGMENT
WILL BE ENTERED FOR THE FULL AMOUNT POSTED ADDITIONALLY, THIS IS TO NOTIFY YOU THAT IF YOU
SATISFY A JUDGMENT, AND UNTIL SATISFACTION IS MADE, YOU WILL BE REFUSED FROM THE BAIL REGISTRY.
FOUR BAIL AGENTS AND AGENCIES, GUARANTORS, AND OTHER PERSONS OR ENTITIES AUTHORIZED TO ACT
MANAGE YOUR BAIL BOND BUSINESS IN THIS STATE WILL HAVE NO FURTHER AUTHORITY TO AGREE TO
NAMES, WILL BE REMOVED FROM THE BAIL REGISTRY. THE BAIL AGENT OR AGENCY GUARANTOR OR OTHER
ENTITY AUTHORIZED BY YOU TO ADMINISTER OR MANAGE YOUR BAIL BOND BUSINESS IN THIS STATE
MANAGE CAPACITY WILL THEREAFTER THIS FORFEITURE IS FORFEITED BOND BAIL BE PRECLUDED. RESERVED
DOING ACTING BY ANY ENTITIES INSURER UNTIL THE JUDGMENT HAS BEEN SATISFIED YOU SHALL HAVE THE
RIGHT WITHIN DIVISION MANAGER'S OFFICE YOU IF YOU DESIRE FOR PAYMENT BEFORE THE
WHERE APPLICABLE FILE A WRITTEN NOTICE OF OBJECTION TO THE BAIL FORFEITURE PROCEEDING
TO THE FINANCE DIVISION MANAGER'S OFFICE NOTED BELOW ON OR BEFORE

FINANCE DIVISION
24, PATERSON STREET
PO BOX 964
NEW BRUNSWICK, NJ 08903
PHONE NUMBER (732) 519-3300

BAIL NUMBER & REG CO.
REFERENCE NO.
POWER NUMBER

RAPID BAIL BONDS
410 NEW BRUNSWICK
NEW AMBOY, NJ

CC: COUNTY COUNSEL

A.B.S.C.O. Ltd. Corporation
Bail Bond EUF Collateral Account
191 Lincoln Highway
Parsippany, NJ 07054

PAY TO THE
ORDER OF   Treasurer - State of New Jersey

Seven Hundred Fifty Only

$ **750.00**

DOLLARS

BNY Mellon
4 Welsh Street
New Jersey

FOR   Anthony Zangara

A.B.S.C.O. Ltd. Corporation/Bail Bond EUF Collateral Account

Treasurer - State of New Jersey

3/18/2014

001235

750.00

COLL-HCM-BAIL_BON   Anthony Zangara   .1 [Rapid B.B.]   750.00

# EXHIBIT E

Appended to:

## CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly
situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-

Fax:                                    Mar  8 2014 04:43   P.01

SAMUEL M. SILVER, L.L.C.
NJ ATTORNEY ID #: 025821994
2050 ROUTE 27 4TH SUITE 106
BRUNSWICK PLAZA I
NORTH BRUNSWICK, NEW JERSEY 08902
TEL. NO.: (732) 668-1501
ATTORNEY FOR RAPID BAIL BONDS

| | |
|---|---|
| STATE OF NEW JERSEY,<br>Plaintiff, | ) SUPERIOR COURT OF NEW JERSEY<br>) COUNTY OF MIDDLESEX<br>) LAW DIVISION, CRIMINAL PART |
| vs.<br>ANTHONY ZANGARA,<br>Defendant,<br>AND | ) POWER NO: ZA00031571-R8D<br>) BAIL NO.: MID 0063083<br>) PROSECUTION NO.: 13000737-001<br>) INDICTMENT NO.: 13-07-009714<br>) WARRANT NO.: W2013-000567-1214<br>) TOTAL OF BOND: $2,500.00 |
| TEDDY COLON,<br>Agent,<br>AND | ) CRIMINAL ACTION<br>) (BAIL BOND FORFEITURE ACTION) |
| RAPID BAIL BONDS,<br>Agency,<br>AND | ) CONSENT ORDER TO VACATE THE FORFEITURE<br>) EXONERATE THE SURETY AND DISCHARGE THE<br>) BOND UPON THE PAYMENT OF COSTS |
| FIRST INDEMNITY OF AMERICA INS. CO.,<br>Surety. | ) |

**FILED**
MAR 06 2014'
...ge Diane Pincus

THIS MATTER having been brought before the Court on the application of Rapid Bail Bonds, (Samuel M. Silver, Esquire, appearing) for an Order vacating the forfeiture, exonerate the surety and discharge the bond and the Office of the Middlesex County Counsel (Lawrence J. Bullard, Esq., appearing) having consented hereto, and the Court having considered the proofs submitted herein and for good cause shown and,

IT IS on this  6 th  day of March , 2014,

IT IS THEREFORE ORDERED that Surety shall pay the sum of $250.00, on or before March 26, 2014, which sum shall be distributed proportionally between the State of New Jersey and the County of Middlesex; and,

IT IS FURTHER ORDERED that the bail forfeiture and/or judgment entered shall be vacated and the bond discharged upon the State's receipt of the aforesaid payment; and,

IT IS FURTHER ORDERED that if the aforesaid amount is not paid to the State of New Jersey within the time set forth herein, this consent order will become null and void, the original amount of the bail bond will be immediately due and owing to the State of New Jersey, and a default judgment previously entered will remain in full force and effect; and,

IT IS FURTHER ORDERED that if a forfeiture was ordered but a judgment has not been entered, then the parties agree to waive the requirement contained in R. 3:26-6(a) that a judgment not be entered until 75 days after the forfeiture was ordered, and a default judgment shall be entered immediately for the original amount of the bail bond; and

IT IS FURTHER ORDERED that a copy of this order be served upon all parties within 7 days of the date hereof.

This is to notify you that failure to satisfy this judgment will result in removal of the names of all of the insurer's insurance producers and limited lines insurance producers from the Bail Registry maintained by the Clerk of the Superior Court pursuant to Rule 1:13- 3, until such time as this judgment has been satisfied. In addition, the above-named limited lines insurance producer who is named in this judgment shall have his or her name removed from all listings in the Bail Registry until such time as this judgment is satisfied.

We hereby consent to the form
and entry of this order:

_Samuel M. Silver_
Samuel M. Silver, Esq.
For the Surety
Dated: February 20, 2014

Hon. Diane Pincus, J.S.C.

_Lawrence J. Bullard_
Lawrence J. Bullard, Esq.
For the County of Middlesex
Dated: February 28, 2014

# EXHIBIT F

Appended to:

CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-

RECEIVED    MONDAY 9/26/2016 9:15:14 AM 15310162

FILED Sep 26, 2016

**ZAGER FUCHS, P.C.**
Michael T. Warshaw, Bar # 005171976
Collateral Account # 143412
268 Broad Street
P.O. Box 489
Red Bank, New Jersey 07701
(732) 747-3700
Attorneys for Plaintiff, FTA Financial,
LLC, a New Jersey Limited Liability Co.

---

| | |
|---|---|
| FTA FINANCIAL, LLC, | **SUPERIOR COURT OF NEW JERSEY** |
| Plaintiff, | **LAW DIVISION, SPECIAL CIVIL** |
| | MIDDLESEX COUNTY |
| v. | 56 PATERSON ST |
| | NEW BRUNSWICK, NJ 08903 |
| ANTHONY ZANGARA, CHRISTINE | |
| ZANGARA, | **DC-009821-16** |
| Defendant. | Docket No.: |

**CIVIL ACTION**

**COMPLAINT, R. 4:5-1 CERTIFICATION,
DESIGNATION OF TRIAL COUNSEL**

The Plaintiff, FTA Financial, LLC, having its principal office at 220 US
Highway 46, Suite 301, Little Ferry, NJ, complaining of the Defendants, says:

**FACTS**

1.  The Defendants, each of them executed a certain surety bail bond
    agreements and promissory notes and personal guarantees, to obtain a
    surety bail bond for ANTHONY ZANGARA.

2.  On 04/25/2013, RAPID BAIL BONDS entered into an agreement with each of
    the Defendants herein to provide a bail bond for ANTHONY ZANGARA, in
    order for said defendant to be released from jail.

3.  Attached to the complaint as Exhibit A are copies of each such
    agreement, for each of the named Defendants herein.

4.  On 02/23/2015, RAPID BAIL BONDS entered into an agreement with the
    Plaintiff herein, whereby all rights pursuant to the aforementioned
    agreements were assigned to Plaintiff. A true copy of the assignment
    agreement is attached hereto as Exhibit B.



5.   As a result of such actions by the Defendants, a bail bond was posted for ANTHONY ZANGARA. Claim number 7-150150.

6.   Defendant, ANTHONY ZANGARA failed to appear in court on September 20, 2013 and the posted bail bond was forfeited. The bail bond agency filed the appropriate motion with the court through counsel to set aside the forfeiture. The forfeited recognizance was settled by way of Consent Order with the State of New Jersey. Pursuant to the signed agreements, defendants are responsible for the incurred costs.

7.   Defendants have failed and refused to make the installment payments pursuant to the terms of the agreements as aforesaid.

8.   Pursuant to the terms of the aforesaid agreements, Defendants agreed to pay any and all "… Liability, loss, costs, damages, expenses, premiums and attorney's fees…"

9.   There is due and owing pursuant to the agreements aforesaid, the amount of $3085.87.

10.  Plaintiff has demanded payment of the aforesaid amounts from each of the Defendants, jointly, severally, and in the alternative.

11.  No payments have been made.

12.  Plaintiff has incurred counsel fees and costs in the amount of $750.00.

13.  The total amount due and owing on account of Defendant's failure to pay Plaintiff pursuant to the aforesaid agreements is $3835.87. Counsel fees will continue to accrue and Plaintiff reserves the right to amend the claims for counsel fees and to have counsel submit an affidavit of services for approval by the court and for the award of additional counsel fees.

## THE FIRST COUNT

14.   Plaintiff repeats and realleges each and every allegation of the preceding paragraphs and incorporates them herein as if set forth at length.

15.   At the time Defendants first engaged RAPID BAIL BONDS to provide a surety bail bond for ANTHONY ZANGARA, they each signed personal guarantees, guaranteeing the repayment of all monies due and owing pursuant to the aforementioned surety bail bond agreements, and promissory notes.

16.   Additionally, said personal guarantees and promissory notes contained a clause, whereby Defendants agreed to pay any and all collection costs and reasonable attorney's fees, for any and all collection efforts which RAPID BAIL BONDS and Plaintiff might be required to undertake in the event of a breach of the agreements as aforesaid.

17.   There is currently due and owing to Plaintiff the sum of $3835.87 on a certain book account for the surety bail bond agreement and bail bond obtained and provided for the benefit of ANTHONY ZANGARA.

18.   Plaintiff has requested payment from the Defendants.

19.   The Defendants have failed and refused to pay for such surety bail bond agreement and promissory note.


**WHEREFORE**, Plaintiff, FTA Financial, LLC, demands judgment against Defendants ANTHONY ZANGARA, CHRISTINE ZANGARA, and each of them, individually, jointly and severally, for the sum of $3835.87, together with interest, attorney's fees and costs of suit.



## SECOND COUNT

20. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs and incorporates them herein as if set forth at length.

21. There is currently due and owing to Plaintiff for said surety bail bond agreement and promissory note provided to Defendants an agreed upon amount of $3835.87.

22. The Defendants promised to pay the agreed upon amount.

23. Plaintiff has demanded payment pursuant to said surety bail bond agreement and promissory notes from the Defendants.

24. Defendants have failed and refused to pay the agreed upon amount for said surety bail bond agreement, and promissory notes.

WHEREFORE, Plaintiff, FTA Financial, LLC, demands judgment against Defendants ANTHONY ZANGARA, CHRISTINE ZANGARA, and each of them, individually, jointly and severally, for the sum of $3835.87, together with interest, attorney's fees and costs of suit.

## THIRD COUNT

25. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs and incorporates them herein as if set forth at length.

26. There is currently due and owing to the Plaintiff for a surety bail bond agreement and promissory note provided to Defendants an agreed upon amount of $3835.87.

27. The Defendants promised to pay the agreed upon amount.

28. Plaintiff has demanded payment for said amounts due and owing as an aforesaid from the Defendants.

29.  Defendants have failed and refused to pay the agreed upon amount for said surety bail bond agreement and promissory notes.

**WHEREFORE**, Plaintiff, FTA Financial, LLC, demands judgment against Defendants ANTHONY ZANGARA, CHRISTINE ZANGARA, and each of them, individually, jointly and severally, for the sum of $3835.87, together with interest, attorney's fees and costs of suit.

### FOURTH COUNT

30.  Plaintiff repeats and realleges each and every allegation of the preceding paragraphs and incorporates them herein as if set forth at length.

31.  The Defendants, being indebted to the Plaintiff in the sum of $3835.87, upon an account stated between the Plaintiff and the Defendants, did promise to pay the Plaintiff said amount upon demand.

32.  Plaintiff has demanded payment for said monies due and owing to it from the Defendants.

33.  Defendants have failed and refused to pay said sum.

**WHEREFORE**, Plaintiff, FTA Financial, LLC, demands judgment against Defendants ANTHONY ZANGARA, CHRISTINE ZANGARA, and each of them, individually, jointly and severally, for the sum of $3835.87, together with interest, attorney's fees and costs of suit.

### FIFTH COUNT

34.  Plaintiff repeats and realleges each and every allegation of the preceding paragraphs and incorporates them herein as if set forth at length.



35. Defendants have received a benefit in the form of receiving a surety bond for the release of the ANTHONY ZANGARA, without paying the agreed upon price for same.

36. Such benefit is at the expense of Plaintiff and Defendants had knowledge and/or appreciation of such benefit.

37. Acceptance and retention of such benefit under these circumstances by Defendants would be inequitable.

38. Defendants have been unjustly enriched and Plaintiff is entitled to payment of the aforementioned monies plus interest and attorney's fees and costs.

39. Said sum of money has not been paid by Defendants although demand of Defendants has heretofore been duly made.

40. By reason thereof, Plaintiff has been damaged in an amount not less than $3835.87.

**WHEREFORE,** Plaintiff, FTA Financial, LLC, demands judgment against Defendants ANTHONY ZANGARA, CHRISTINE ZANGARA, and each of them, individually, jointly, and severally, for the sum of $3835.87, together with interest, attorney's fees and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

**MICHAEL T. WARSHAW, ESQ.**, is hereby designated as trial counsel for the Defendant in the within matter.

## NOTICE OF OTHER ACTIONS

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated Court action, arbitration or workman's compensation claim.

I am not aware of the names of any other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CONFIDENTIAL PERSONAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the within pleading was served upon all counsel of record within the time prescribed by the Rules.

Dated: September 26, 2016             ZAGER FUCHS, PC.

                                      Attorney for Plaintiff

                                      By:/s/Michael T. Warshaw



EXHIBIT A

### ASSIGNMENT OF ACCOUNT FOR COLLECTION

This Assignment is made by and between the bail bond agency, "Assignor", and FTA FINANCIAL LLC, "Assignee", of 220 US HIGHWAY 46, SUITE 301, City of LITTLE FERRY, State of NEW JERSEY. It is regarding the Account Receivable due to the Assignor from a customer of Assignor, known as:

Bail Bond Agency: RAPID BAIL BONDS

Defendant: ANTHONY ZANGARA

Indemnitor(s): CHRISTINE ZANGARA

As of this Date, inclusive of collection costs, the Account Receivable balance is: $ 1125.00

For valuable consideration, the parties agree as follows:

1. The Assignee agrees to pay to the Assignor the sum of $750.00 contingent on collecting from the debtor/customer, in return for which the Assignor assigns all right, title, and interest in this Account Receivable to the Assignee for collection. Debtor(s) are responsible for the costs of collection pursuant to the signed indemnity agreements. Should the court not grant collection fees in judgment, collection fees will be deducted from the judgment total.

2. Assignor shall indemnify and hold harmless the Assignee from any and all claims arising from the Account receivable or the underlying contract between the Assignor and the Debtor. Assignor agrees to furnish the Assignee all information required by the Assignee in its collection efforts. Assignor agrees to notify the Customer of this Assignment and to pay to the Assignee any payments on this account which are received from Customer after this date. Assignor agrees to NOT accept payments from the debtor(s) after the debt has been assigned and refer debtor(s) to Assignee for collection. Assignor understand that any collection attempts that they are pursuing must end and all collection activity will be pursued by FTA Financial L.L.C.

3. Assignor agrees to the release of all information pertaining to the bail bond matter referenced above. This includes but is not limited to invoices, cancelled checks, receipts, consent orders, court orders, attorney invoices, fugitive recovery invoices, bail bond indemnity agreements and any other documents or information related to the bail bond transaction for the above referenced defendant.

Dated: 02/23/2015

Signature of Assignor

Sylvia Ostrander
Print Assignor

/s/Robert Lapinski
Signature of Assignee

Robert Lapinski for FTA Financial
Print Assignee



# EXHIBIT G

Appended to:

## CLASS ACTION COMPLAINT AND JURY DEMAND

*CHRISTINE ZANGARA, on behalf of herself and others similarly situated vs. ZAGER FUCHS, P.C. and MICHAEL T. WARSHAW*

Docket No. MID-L-

220 US Highway 46, Suite 301                         April 25, 2015
Little Ferry, NJ 07643


CHRISTINE ZANGARA
Redacted


## NOTIFICATION OF ASSIGNMENT OF ACCOUNT/DEBT

Reference No:    Redacted

Account Name:    ANTHONY ZANGARA

Amount Due:      $1125.00


TAKE NOTICE that the undersigned, the "Assignor", has assigned to FTA Financial, L.L.C. (the "Assignee"), all of its right, title and interest in and to the debt owing by you to the Assignor in the amount referenced above.

You are hereby irrevocably authorized and directed to make all future payments under the Debt directly to the Assignee as follows:

FTA Financial, L.L.C.
220 US Highway 46, Suite 301
Little Ferry, NJ 07643
1-877-978-7389
201-884-1261 Fax
www.payfta.com

Please contact FTA Financial L.L.C. with any questions regarding your outstanding debt and to make payment arrangements. Let this be your good and sufficient authority for so doing.

Sincerely,
RAPID BAIL BONDS

# FTA Financial, LLC

220 US Highway 46, Suite 301
Little Ferry, NJ 07643
(877) 978-7389
(201) 884-1261 Fax

| ORIGINAL CREDITOR | |
|---|---|
| RAPID BAIL BONDS | |
| DATE | REFERENCE # |
| May 21, 2015 | Redacted |
| ACCOUNT NAME | AMOUNT DUE |
| ANTHONY ZANGARA | $3085.87 |

Redacted
CHRISTINE ZANGARA
Redacted

Pay Online @ PayFTA.com

Checks Made Payable To:

"FTA Financial LLC"

You have not responded to previous correspondence sent to you concerning the above referenced account.

You can avoid possible further collection efforts by taking care of your obligation and paying the balance in full. If you cannot pay the balance in full, contact our office to discuss alternative payment arrangements.

FTA FINANCIAL, LLC
877-978-7389

OFFICE HOURS: MON-FRI 10AM-6PM EST,
SAT 10AM-3PM, SUN CLOSED

Please send payments or correspondence to: FTA FINANCIAL, LLC, 220 US Highway 46, Suite 301, Little Ferry, NJ 07643.

Calls to or from this company may be monitored or recorded for quality assurance purposes.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

---

CHRISTINE ZANGARA
Redacted

| REFERENCE #: | Redacted |
|---|---|
| ORIGINAL CREDITOR: | RAPID BAIL BONDS |
| ACCOUNT NAME: | ANTHONY ZANGARA |
| AMOUNT ENCLOSED: | $3085.87 |

Make Checks & Money Orders Payable To:
FTA Financial LLC"

FTA FINANCIAL LLC
220 US HIGHWAY 46, SUITE 301
LITTLE FERRY, NJ 07643

# FTA Financial, LLC

220 US Highway 46, Suite 301
Little Ferry, NJ 07643
(877) 978-7389
(201) 884-1261 Fax

| ORIGINAL CREDITOR | |
| --- | --- |
| RAPID BAIL BONDS | |
| DATE | REFERENCE # |
| Jun 03, 2015 | Redacted |
| ACCOUNT NAME | AMOUNT DUE |
| ANTHONY ZANGARA | $3085.87 |

Redacted
CHRISTINE ZANGARA
Redacted

Pay Online @ PayFTA.com

Checks Made Payable To:

"FTA Financial LLC"

You have had every opportunity to pay the amount due that you owe. The above creditor provided a service and has a right to be paid.

If you believe the amount you owe is too small for us to pursue, you are mistaken. We have been authorized to procure payment of this outstanding debt and we fully intend to do so. Send your payment immediately so that we can finally resolve this matter. If you do not have the full amount owed, contact this office to make payment arrangements.

*If you prefer, please enclose a good faith payment that would stop this matter from proceeding further. Please call to make a payment over the phone using a credit card. We accept Visa, Mastercard, Discover and Amex.*

Sincerely,
FTA Financial

Should you have any questions regarding your account, contact us Monday-Friday 10am to 6pm EST and Saturday 10am to 3pm EST at 877-978-7389. If the agent is not available, follow the prompts and the agent will return your call.

Please send your written correspondence to the above address.

This is a communication from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

---

CHRISTINE ZANGARA
Redacted

| REFERENCE #: | Redacted |
| --- | --- |
| ORIGINAL CREDITOR: | RAPID BAIL BONDS |
| ACCOUNT NAME: | ANTHONY ZANGARA |
| AMOUNT ENCLOSED: | $ 3085.87 |

FTA FINANCIAL LLC
220 US HIGHWAY 46, SUITE 301
LITTLE FERRY, NJ 07643

Make Checks & Money Orders Payable To:
FTA Financial LLC"

## FTA Financial, LLC

220 US Highway 46, Suite 301
Little Ferry, NJ 07643
(877) 978-7389
(201) 884-1261 Fax

| ORIGINAL CREDITOR | |
|---|---|
| RAPID BAIL BONDS | |
| DATE | REFERENCE # |
| Jun 17, 2015 | Redacted |
| ACCOUNT NAME | AMOUNT DUE |
| ANTHONY ZANGARA | $3085.87 |

Redacted
CHRISTINE ZANGARA
Redacted

Pay Online @ PayFTA.com

Checks Made Payable To:

"FTA Financial LLC"

# FINAL NOTICE

In spite of numerous requests for payment, your account remains seriously
past due. Over the next ten (10) days a decision will be made as to which
of the various collection alternatives should be initiated to recover our
client's funds. Perhaps you are not aware, but legal action is one of these
alternatives. In order to avoid this type of action you should remit the
full balance immediately. However, any payment plan other than the balance
must be discussed with this office.

Please take notice that unless we receive the full balance within ten
(10)
days of the date of this letter, or unless we can agree to an alternative
payment proposal, ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE.

If you prefer, please enclose a good faith payment that would stop
this matter from proceeding further.

Sincerely,
FTA Financial, L.L.C.

This is a communication from a debt collector. This is an attempt to
collect a debt and any information obtained will be used for that purpose.

CHRISTINE ZANGARA

Redacted

| REFERENCE #: | Redacted |
|---|---|
| ORIGINAL CREDITOR: | RAPID BAIL BONDS |
| ACCOUNT NAME: | ANTHONY ZANGARA |
| AMOUNT ENCLOSED: | $ 3085.87 |

FTA FINANCIAL LLC
220 US HIGHWAY 46, SUITE 301
LITTLE FERRY, NJ 07643

Make Checks & Money Orders Payable To:
FTA Financial LLC"

## FTA Financial, LLC

220 US Highway 46, Suite 301
Little Ferry, NJ 07643
(877) 978-7389
(201) 884-1261 Fax

| ORIGINAL CREDITOR NAME | |
|---|---|
| RAPID BAIL BONDS | |
| ORIGINAL ACCT. NO. | DATE |
| NA | Apr 19, 2016 |
| FTA REFERENCE # | AMOUNT DUE |
| Redacted | $3085.87 |
| ACCOUNT NAME | |
| ANTHONY ZANGARA | |

Redacted
    CHRISTINE ZANGARA
    Redacted

Pay Online @ www.PayFTA.com

Checks & Money Orders Made Payable To:

"FTA Financial LLC"

    As you are aware, the amount above remains unpaid and due. We would
still like to resolve this matter with you.

There are several payment options that may still be available to you.
Please contact our office to discuss payment arrangements.

You can also pay online at PayFTA.com.

If you prefer, enclose a good faith payment that would stop this matter
from proceeding further.

Sincerely,
FTA Financial, L.L.C.

    This is a communication from a debt collector. This is an attempt to
collect a debt and any information obtained will be used for that purpose.

---

CHRISTINE ZANGARA
Redacted

| REFERENCE #: | Redacted |
|---|---|
| ORIGINAL CREDITOR: | RAPID BAIL BONDS |
| ACCOUNT NAME: | ANTHONY ZANGARA |
| AMOUNT ENCLOSED: | $ |

FTA FINANCIAL LLC
220 US HIGHWAY 46, SUITE 301
LITTLE FERRY, NJ 07643

Make Checks & Money Orders Payable To:
"FTA Financial LLC"

We are required to provide the following information under state law for the states indicated. This is not a complete list of your rights by state. If you do not reside in one of these states, you may have the same or similar rights under state or federal law.

CALIFORNIA:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8am or after 9pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Cal. Civ. Code § 1812.700

Nonprofit credit counseling services may be available in the area.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

COLORADO:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

MAINE:
Our hours of operation are Mon - Fri 10:00am to 6:00pm EST.

MASSACHUSETTS:
NOTICE OF IMPORTANT RIGHTS.
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

Hours of operation are Mon - Fri 10:00am to 5:00pm EST.

NEW YORK:
In accordance with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence; the use of obscene or profane language; and repeated phone calls made with the intent to annoy, abuse or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI); social security; public assistance (welfare); spousal support, maintenance (alimony) or child support; unemployment benefits; disability benefits; workers' compensation benefits; public or private pensions; veterans' benefits; federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-004530-17

**Case Caption:** ZANGARA CHRISTINE  VS ZAGER FUCHS PC

**Case Initiation Date:** 07/31/2017

**Attorney Name:** ANDREW R WOLF

**Firm Name:** THE WOLF LAW FIRM LLC

**Address:** 1520 US HWY 130 SUITE 101

NORTH BRUNSWICK NJ 08902

**Phone:**

**Name of Party:** PLAINTIFF : Zangara, Christine

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** MID-L-656-17, DC-9821-16

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
This is a putative class action raising consumer protection claims.  Single-judge case management and expanded discovery are appropriate because of the inherent complexity involved in determining class certification, effectuating class notice, and managing and adjudicating the matter on a class wide basis. Although this case has been designated as 508 "Complex Commercial", it is not appropriate for the Complex Business Litigation Program because it is a consumer protection case.

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/31/2017
Dated

/s/ ANDREW R WOLF
Signed