UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL BUILDING
& U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

November 26, 2019

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

    Re: *Zangara v. Zager Fuchs, P.C., et al.*, No. 17-6755 (MAS) (DEA)

Dear Counsel:

This matter comes before the Court upon three motions: (1) Plaintiff Christine Zangara's ("Plaintiff") Motion for Summary Judgment (ECF No. 28); (2) Plaintiff's Motion for Class Certification (ECF No. 27); and (3) Defendants Zager Fuchs, P.C. and Michael Warshaw's (collectively, "Defendants") Motion for Summary Judgment (ECF No. 29). Defendants opposed Plaintiff's summary judgment motion (ECF No. 35) and class certification motion (ECF No. 36), and Plaintiff replied (ECF Nos. 37, 38). Plaintiff opposed Defendants' summary judgment motion (ECF No. 34), and Defendant replied (ECF No. 39). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court: denies without prejudice Plaintiff's Motion for Class Certification; finds good cause to defer consideration of the parties' motions for summary judgment until after class certification; and permits Plaintiff a final opportunity to refile a motion for class certification.

## I.    BACKGROUND[1]

Plaintiff asserts violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants stemming from a collection action in New Jersey state court. Plaintiff alleges that Defendants sought damages, including attorney's fees, greater than what was owed by Plaintiff and failed to itemize or explain those claimed damages. Plaintiff further alleges that Defendants filed similar collection complaints in violation of the FDCPA against twenty-six consumers (including Plaintiff) in New Jersey. (Sharma Decl. ¶ 7, ECF No. 27-2; Sharma Decl. Ex. B at 3,[2] ECF No. 27-4.)

---

[1] The Court only sets forth the background necessary to decide these motions.

[2] Page number refers to the page number indicated on the ECF header.

Plaintiff seeks to certify the following class:

> All New Jersey consumers against whom Defendants filed a lawsuit at any time on or after July 31, 2016 to collect or attempt to collect an alleged debt incurred primarily for personal family or household purposes that included (1) a demand for a fixed amount of attorneys' fees in the body of the lawsuit above the prayer for relief that was not yet due and owing and/or (2) a demand for an amount owed that was in excess of the actual amount owed without providing an itemization or explanation for the excess amount.

(Pl.'s Class Certification Br. 6, ECF No. 27-1.) Simultaneous with Plaintiff's motion for class certification, Plaintiff and Defendants moved for summary judgment.

## II. LEGAL STANDARD

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks omitted). "To invoke this exception, every putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012). A class may be certified pursuant to Rule 23(a) of the Federal Rules of Civil Procedure when:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four requirements are customarily referred to as: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. In addition, Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements are known as predominance and superiority, respectively. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008). Additionally, when certification is sought under Rule 23(b)(3), the Third Circuit has found that a prerequisite to an analysis of the Rule 23(a) requirements is the determination of ascertainability of the proposed class. *See Marcus*, 687 F.3d at 592–93.

"[T]he requirements set out in Rule 23 are not mere pleading rules." *In re Hydrogen Peroxide*, 552 F.3d at 316. The plaintiff bears the burden "of establishing each element of Rule 23 by a preponderance of the evidence." *Marcus*, 687 F.3d at 591. This requires "actual," not "presumed" conformance with Rule 23's requirements. *Id.* "Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide*, 552 F.3d at 309 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

2

## III. DISCUSSION

### A. Plaintiff fails to show that the numerosity requirement is satisfied.

For class certification, a plaintiff must show by a preponderance of the evidence that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 484 (3d Cir. 2018). "Impracticable does not mean impossible, and refers rather to the difficulties of achieving joinder. This calls for an inherently fact-based analysis that requires a district court judge to take into account the context of the particular case, thereby providing district courts considerable discretion in making numerosity determinations." *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249 (3d Cir. 2016), *as amended* (Sept. 29, 2016) (internal quotation marks and citations omitted).

Although "no minimum number of plaintiffs is required to maintain a suit as a class action," the general rules are: a class of twenty or fewer members is usually insufficiently numerous; a class of over forty members is usually sufficiently numerous; and a class of twenty-one to forty members may or "may not meet the numerosity requirement depending on the circumstances." *Id.* at 249–50 (citing *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001); 5 James Wm. Moore, et al., *Moore's Federal Practice* § 23.22; 5 William B. Rubenstein, *Newberg on Class Actions* § 3:12). In considering whether the proposed class is sufficiently numerous, courts consider the following non-exhaustive list of factors: (1) judicial economy; (2) the proposed class members' ability and motivation to litigate as joined plaintiffs; (3) the class members' financial resources; (4) the geographic dispersion of class members; (5) the ability to identify future claimants; and (6) whether the claims are for injunctive relief or damages. *Id.* at 253. Although all factors are relevant, the first two are of primary importance. *Id.*

"In analyzing [the first factor,] judicial economy, [courts] focus on whether the class action mechanism is substantially more efficient than joinder of all parties." *Id.* at 254. Plaintiff provides only one sentence of support in her Moving Brief and Reply Brief for why this factor weighs in her favor: "bringing one class action versus [twenty-six] individual suits will result in judicial economy." (Pl.'s Class Certification Br. 11; Pl.'s Reply Br. 3, ECF No. 38.) Plaintiff's assertion is misplaced. At this stage, the choice is not between a class action and twenty-six individual suits, but between a class action and joinder of the twenty-six proposed class members. *In re Modafinil*, 837 F.3d at 253 ("At this point, we do *not* consider the possibility that plaintiffs may bring individual suits."). Plaintiff fails to justify why a class action is substantially more efficient than joinder of the proposed class members.

A court must also consider the ability and motivation of the proposed class members to litigate their claims via joinder. "This primarily involves an examination of the stakes at issue for the individual claims and the complexity of the litigation, which will typically correlate with the costs of pursuing these claims." *Id.* at 257. Plaintiff asserts that this factor weighs in favor of numerosity because "class members have all had a debt-collection complaint brought against them for allegedly defaulting on a debt, [so] it is unlikely that that [sic] they will have the resources to be able to pursue individual, costly actions involving a relatively small claim, as recovery under the FDCPA is capped at $1,000 per plaintiff." (Pl.'s Class Certification Br. 11; Pl.'s Reply Br. 3.)

3

It is reasonable to assume that low-value claims and cash-strapped plaintiffs make it less likely for claims to be asserted individually. This concern is ameliorated, however, by the FDCPA itself, which permits prevailing plaintiffs to recover attorney's fees. 15 U.S.C. § 1692k(a)(3); *see Sanders v. Jackson*, 209 F.3d 998, 1003–04 (7th Cir. 2000) ("The award of [attorney's] fees is mandatory in FDCPA cases."). Where an attorney may recover his or her costs and fees regardless of the value of the claim, individuals have much greater ability to individually litigate claims. In addition, Plaintiff's argument that a plaintiff's recovery is capped at $1,000 is incorrect. Statutory damages under the FDCPA are capped at $1,000, but plaintiffs may always seek actual damages as well. *See* 15 U.S.C. § 1692k(a)(1). Plaintiff, accordingly, has not shown by a preponderance of the evidence that this factor weighs in favor of numerosity.[3]

Furthermore, because the ability and motivation of the proposed class members to litigate their claims via joinder overlaps with the consideration of class members' financial resources, the Court finds that Plaintiff has not shown that the third factor weighs in favor of numerosity. As for the other factors discussed in *Modafinil*, Plaintiff makes no argument for why those factors weigh in favor of numerosity.

Because Plaintiff fails to discuss most of the *Modafinil* factors and provides cursory or misplaced arguments on the first two factors, the Court finds that Plaintiff failed to show by a preponderance of the evidence that numerosity is satisfied. Plaintiff's motion to certify the class, therefore, must be denied.[4]

### B. The court finds good cause to decline to reach the merits.

A court must decide whether to certify a class at "an early practicable time." Fed. R. Civ. P. 23(c)(1). "The time at which the court finds it appropriate to make its class-action determination may vary with the circumstances of the particular case," but a court should be cautious when a class certification decision occurs at the same time as, or following, a decision on the merits. *See* 7AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1785.3 (3d ed. 2019). In the interest of judicial economy, the Court finds good cause to defer consideration of the parties' summary judgment motions until Plaintiff has been afforded another opportunity to move for class certification.

---

[3] The Court notes that individuals appear able to find attorneys to assert FDCPA claims, as evidenced by this Court's recent decisions. *See, e.g., Mayo v. Diversified Consultants*, No. 19-5235, 2019 WL 5624221 (D.N.J. Oct. 31, 2019); *Stransky v. PennyMac Holdings, LLC*, No. 18-15929, 2019 WL 4750150 (D.N.J. Sept. 30, 2019); *Vedernikov v. Atl. Credit & Fin., Inc.*, No. 18-15273, 2019 WL 4143412 (D.N.J. Aug. 30, 2019); *Ulrich v. Radius Glob. Sols., LLC*, No. 18-15797, 2019 WL 3430472 (D.N.J. July 30, 2019).

[4] Because the Court finds that Plaintiff fails to demonstrate numerosity, the Court declines to reach the ascertainability requirement, the remaining Rule 23(a) requirements, or the Rule 23(b)(3) requirements.

## IV. CONCLUSION

The Court finds that Plaintiff's Motion for Class Certification must be denied because Plaintiff fails to demonstrate by a preponderance of the evidence that the numerosity requirement is satisfied. The Court declines to decide the parties' summary judgment motions and permits Plaintiff a final opportunity to seek class certification.

## V. ORDER

Based on the foregoing, and for other good cause shown,

IT IS on this 25th day of November, 2019 **ORDERED** that:

1. Plaintiff's Motion for Class Certification (ECF No. 27) is **DENIED**.

2. The Clerk shall terminate Plaintiff's Motion for Summary Judgment (ECF No. 28) and Defendants' Motion for Summary Judgment (ECF No. 29).

3. By **December 27, 2019**, Plaintiff may file a new motion for class certification.

4. By **January 10, 2020**, Plaintiff and Defendants may file new summary judgment motions.[5]

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] Parties' briefs must comply with the Federal Rules of Civil Procedure and Local Civil Rules. For example, Defendants' Motion for Summary Judgment fails to include a table of authorities in violation of Local Civil Rule 7.2(b). Each movant must also include a certification confirming the briefs have been updated to include recent, relevant case law.